UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARIUS BUCK** | **CIVIL ACTION** |
| **VERSUS** | **No. 22-4056** |
| **SEAN WATSON** | **SECTION I** |

### ORDER & REASONS

Before the Court is plaintiff Darius Buck's ("Buck") motion[1] for default judgment against defendant Sean Watson ("Watson"). Buck requests that the Court enter judgment in his favor in the amount of $57,549.93, in addition to pain and suffering damages. For the reasons that follow, the Court grants the motion for default judgment in an amount set by the Court.

## I. BACKGROUND

Buck alleges that, on August 23, 2022, Watson battered Buck in Buck's dorm room at Xavier University.[2] Buck alleges that, on that date, Watson was in Buck's dorm room visiting Buck's roommate.[3] Buck testified at a hearing on August 23, 2023 that Buck asked Watson to leave, Watson refused, his roommate then asked Watson to leave, and Watson refused again. Finally, after Buck asked Watson to leave a second time, Watson began to head towards the door. According to Buck, he tapped

---

[1] R. Doc. No. 11.
[2] R. Doc. No. 1, at 2.
[3] *Id.*

Watson on the back as Watson was leaving and then Watson turned around, walked back into the room, put Buck in a chokehold, and proceeded to beat and choke Buck.

Buck further testified that, due to the injuries inflicted by Watson, Buck lost consciousness and woke up on the floor of his dorm room covered in blood. He was transported to the emergency room via ambulance. According to Buck, he sustained a temporal fracture, chipped teeth, a laceration under his chin requiring stitches, and jaw fractures in two places. He had to undergo oral surgery and his jaw was wired shut for approximately two months. Additionally, Buck had to get fillings for his cracked teeth and braces which he is still wearing.

During his recovery, Buck could only eat soft foods using a syringe. He had significant difficulty communicating with classmates and professors given the condition of his jaw and his university's COVID-19 mask requirement. While he was recovering, Buck asserts that his mother "moved to New Orleans in an effort to aid her son in attending doctor appointments, school work, and meals."[4] Buck continued to take pain medication until January 2023. Buck has not experienced weight loss, headaches or migraines, dizziness, memory loss, hearing loss, cognitive impairment, or a permanent reduction in his ability to speak or chew.

Buck seeks special damages in the amount of $57,549.93. This amount includes not only his medical expenses, but also airfare for his mother, grandmother, and father, rental car fees, gas, a tutor, bloody clothes, food, and lodging.[5] He also seeks

---

[4] R. Doc. No. 1, at 3.
[5] R. Doc. No. 11-3, at 6.

damages for pain and suffering and "defer[s] to the Court's determination of such set amount after a consideration of all the evidence."[6]

Buck filed this complaint on October 20, 2022.[7] Though Watson was served,[8] he never appeared in or otherwise defended this matter. Buck filed a motion for entry of default on January 11, 2023, which the Clerk of Court granted on January 12, 2023.[9] The Court held a hearing to determine the damages to which Buck is entitled on August 23, 2023.[10] Watson did not appear at this hearing.[11]

## II.   STANDARD OF LAW

Pursuant to Federal Rule of Civil Procedure 55(b), the Court may enter a default judgment against a party who fails to plead or otherwise respond to the plaintiff's complaint within the required period. Fed. R. Civ. P. 55(b).

A plaintiff who seeks a default judgment against an unresponsive defendant must proceed with a two-step process. First, the plaintiff must petition the clerk for an entry of default, which is simply "a notation of the party's default on the clerk's record of the case." *Trahan v. PLC Fin., Inc.*, No. 18-859, 2018 WL 10758657, at *1 (E.D. La. Mar. 29, 2018) (Barbier, J.) (quoting *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986)) (internal quotation marks omitted). Before the

---

[6] R. Doc. No. 11-1, at 2.
[7] R. Doc. No. 1.
[8] R. Doc. No. 5.
[9] R. Doc. Nos. 7, 8.
[10] R. Doc. No. 21.
[11] Notification of the hearing was mailed to Watson's last known address by the Clerk's office. Additionally, plaintiff's counsel testified that he sent notification to Watson via certified mail two weeks before the hearing. Plaintiff's counsel has not received the return receipt at this time.

clerk may enter the default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).

After the clerk has entered a default, the plaintiff may move for a default judgment pursuant to Federal Rule of Civil Procedure 55(b). *Meyer v. Bayles*, 559 F. App'x 312, 313 (5th Cir. 2014). At this point, "the court must accept the well-pleaded factual allegations in the plaintiff's complaint." *Id.* (citing *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). At the same time, the court does not hold the defaulting defendant "to [have] admitt[ed] facts that are not well-pleaded or to [have] admitt[ed] conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (internal quotation marks and citation omitted). The default judgment should not be entered unless the judgment is "'supported by well-pleaded allegations' and . . . ha[s] 'a sufficient basis in the pleadings.'" *Id.* at 498 (quoting *Nishimatsu*, 515 F.2d at 1206).

If the plaintiff's claim is for a sum certain and the defendant has not made an appearance in court, the clerk may enter a default judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). No party is entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). "Generally, the entry of default judgment is committed to the discretion of the district judge." *Ameser v.*

*Nordstrom, Inc.*, 442 F. App'x 967, 969 (5th Cir. 2011) (internal quotation marks and citation omitted).

The Court considers several factors when determining whether to enter a default judgment, including, "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

If the Court concludes that it is appropriate to enter a default judgment, it must then "fix the amount which the plaintiff is lawfully entitled to recover and give judgment accordingly." *M C Bank & Trust Co. v. Suard Barge Serv., Inc.*, No. 16-14311, 2017 WL 3991076, at *5 (E.D. La. Sept. 11, 2017) (Vance, J.) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)). "[T]he Court is not required to award damages for which there is no basis in fact or law." *Scott v. Quality Fab & Mech., LLC*, No. 19-1808, 2020 WL 1139842, at *10 (E.D. La. Mar. 9, 2020) (Vitter, J.). "[T]he court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.* (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. Brighton Painting Co.*, 267 F.R.D. 426, 428 (D.D.C. 2010)). With respect to damages, the Court cannot enter a default judgment without a hearing "unless the amount is liquidated or easily computable." *Richardson v. Salvation Army S. Territory, USA*, 161 F.3d 7, at *1 (5th Cir. 1998) (unpublished opinion); *see Duncan*

*v. Tangipahoa Parish Council*, No. 08-3840, 2009 WL 2514150, at *1 (E.D. La. Aug. 12, 2009) (Engelhardt, J.) (explaining that "[a] sum is certain when the amount claimed is a liquidated one or is one that is capable of mathematical calculation as, for example, an action on a promissory note").

### III.    ANALYSIS

As noted above, Buck has satisfied the procedural requirement of obtaining an entry of default. Accordingly, the Court considers whether Buck has adequately alleged his claim against Watson.

Louisiana law defines the tort of battery as "a harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact." *Pelitire v. Rinker*, 270 So.3d 817, 833 (La. Ct. App. 2019) (citation and quotation omitted). "The defendant's intention need not be malicious nor need it be an intention to inflict actual damage. It is sufficient if the defendant intends to inflict either a harmful or offensive contact without the other's consent." *Id.*

The plaintiff "must carry the burden of proving all prima facie elements of the tort, including lack of consent to the invasive conduct." *Touchet v. Hampton*, 1 So.3d 729, 732 (La. Ct. App. 2008) (quotation and citation omitted). A party may consent to a battery by "expressly or impliedly agree[ing] to fight," *Guillot v. Guillot*, 161 So.3d 841, 847 (La. Ct. App. 2014), but "[m]ere words will not justify a battery." *Touchet*, 1 So.3d at 732.

Without any justification, Watson punched, beat, and choked Buck. The punching, beating, and choking alleged constitute "harmful or offensive

contact . . . . resulting from an act intended to cause [Buck] to suffer [that] contact." *Pelitire*, 270 So.3d at 833. Buck has not pleaded any facts that suggest Buck consented to the battery by agreeing to fight. *Guillot*, 161 So.3d at 847.

No material facts are in dispute, as Watson has failed to file any responsive pleadings or otherwise appear in this matter. *Scott*, 2020 WL 1139842, at *9 ("[T]he Court finds that there are no material facts in dispute because Defendants failed to file responsive pleadings to the Complaint."). There is no indication that there has been any substantial prejudice to Watson, nor that Watson's default was caused by a good faith mistake or excusable neglect. *Lindsey*, 161 F.3d at 893. The grounds for default are clearly established, as discussed throughout this opinion. *Id.* The Court is aware of no circumstances indicating that it would be "obliged to set aside the default on the defendant's motion." *Id.* While the Court recognizes the harshness of a default judgment, this does not outweigh the other factors in favor of granting a default judgment. *Id.* Accordingly, the Court concludes that Buck has alleged a battery by Watson such that there is a sufficient basis in the pleadings and testimony for a default judgment against Watson. *See Wooten*, 788 F.3d at 496.

The Court next turns to Buck's requested damages. As stated, Buck seeks $57,549.93 in medical and other expenses, plus pain and suffering damages. Buck is entitled to recover $1,084.99 for the ambulance bill.[12] He is entitled to recover $6,450 for his orthodontic treatment.[13] Because Buck was afraid to return to his dorm room

---

[12] R. Doc. No. 19-2, at 1-4.
[13] R. Doc. No. 19-2, at 8.

after the incident and his condition necessitated caregiving by his mother, he is entitled to recover $8,212.96 for Airbnb expenses.[14] As the injuries inflicted on Buck kept him from attending school for three weeks, he is entitled to recover $2,940 spent on tutoring to maintain his course requirements.[15]

Buck provides no authority for his request for damages compensating his family's travel expenses,[16] rental car fees, gas, or bloody clothes, and the Court has not located any authority supporting the request. While in *Martinez v. Wilson*, a court did compensate the plaintiff for his Smoothie King bill due to a broken jaw requiring a liquid diet, Buck has not provided the Court with documentation of costs associated with his liquid diet. *See* 287 So. 3d 27, 35 (La.App. 1 Cir., 2019) (discussing the Smoothie King receipt introduced into evidence). Therefore, the Court finds no evidence to support a damage award for food, travel expenses, rental car fees, gas, and bloody clothes.

The hearing before this Court was also intended to determine Buck's entitlement to pain and suffering damages. An examination of how Louisiana courts have compensated similar injuries is instructive.

---

[14] Buck's mother testified regarding their Airbnb expenses. For the first four nights, they paid $800 for their stay. They then moved to a different Airbnb for the next 38 nights, costing $13,412.62. The Court finds that it is reasonable, based on the testimony, for Buck to recover the first Airbnb stay and three weeks of the second stay. During that time, Buck required assistance preparing meals, getting to the doctor, and, if needed, cutting his jaw wires in an emergency. Based on a nightly rate of $352.96 for the second stay, the second Airbnb cost $7,412.96 for three weeks. Added to the $800 first stay, the Court finds Buck is entitled to $8,212.96.
[15] R. Doc. No. 22-3.
[16] Buck's mother testified she used airline points for her travel. Buck provided no documentation as to the conversion between airline points and dollars.

In *Henderson v. Sellers*, the plaintiff was punched in the jaw resulting in his jaw being wired shut, two months of significant pain, and inability to play football during his senior year of high school. 861 So.2d 923, 930-31 (La. App. 3 Cir., 2003). The court awarded the plaintiff $25,000 in general damages. *Id.*

In *Babb v. Boney*, the plaintiff suffered a broken nose and jaw during a fight which required three surgeries and eight days in the hospital. As a result, the plaintiff lost 16 pounds and he developed TMJ dysfunction (which causes creaking in his jaw when he opens his mouth). 710 So.2d 1132, 1136-37 (La. App. 2 Cir., 1998). The appellate court found that the lowest a reasonable jury could award the plaintiff was $20,000 in general damages in addition to $26,000 for medical expenses. *Id.*

In *Coutee v. Glade Middle School*, a seventh-grade student suffered a broken jaw during a school fight which required surgery and having his jaw wired shut for two months. Plaintiff struggled in school, and he was no longer able to play the horn. 848 So.2d 754, 758 (La. App. 5 Cir., 2003). The state appellate court found the trial court abused its discretion by awarding $55,000 in general damages and that the most a reasonable jury could award was $35,000. *Id.* at 759.

Most recently, in *Martinez v. Wilson*, the appellate court affirmed a damages award of $35,128.66, including special and general damages. 287 So. 3d 27, 36 (La.App. 1 Cir., 2019). In *Martinez*, while breaking up a fight, the plaintiff suffered a jaw fracture which required that his jaw be wired shut and resulted in him losing thirty pounds, being unable to work, and having to drop two classes. *Id.* at 30. The damages award encompassed his medical bills, Smoothie King bill due to having to

9

drink smoothies three times a day to keep from losing weight, and pain and suffering. *Id.* at 36.

As stated previously, Buck suffered a skull fracture, two jaw fractures, chipped teeth, and a laceration under his chin. His jaw was wired shut for months. He spent weeks in significant pain and months in discomfort. Buck spent months on a liquid diet, and he missed weeks of school during his recovery. Buck was scared to return to his dorm room and lived in an Airbnb for three months while his mother cared for him.

Buck's mother testified during the hearing that, after he suffered his injuries, Buck worried about failing classes and losing his scholarship. Even after he returned to school, Buck had difficulty communicating and struggled with class presentations due to the condition of his jaw. He had to drop a required course and enlist the help of a tutor to keep up with his classwork. During his recovery, Buck missed a part of the freshman college experience. Based on all of the above, Buck is entitled to $35,000 in general damages.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion for default judgment is **GRANTED**. Buck is entitled to $18,687.95 in special damages and $35,000 in general damages for a total amount of $53,687.95.

New Orleans, Louisiana, August 29, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

11